■ This case is fully disclosed in the following statement and opinion of the Court as delivered by
Parsons, C. J.
This action is before the Court for their opinion whether Becket and Dearborn are the trustees of the defendant.
From their answers it appears that, when the original [ *504 ] writ * was served on them, Becket had a demand on Gage for 14 dollars 75 cents, and that the balance of Dear-born’s demands against him amounted to 390 dollars 61 cents. Whether Gage had against them cross demands more than sufficient to satisfy their demands, must depend on the further statement contained in the answers.
It is stated that, on the 2d day of September, 1804, Becket chartered of Gage one eighth part of his brigantine Stephen, burdened 171 tons, at two dollars per month per ton, and that, at the same time, Dearborn chartered one fourth part of the same brigantine on the same terms, and they were to victual and man the said vessel with the said Gage, in the proportions they had chartered her; that Dearborn loaded one fourth and Becket one eighth ; that she delivered her outward-bound cargo at Surinam, on the 12th of October, 1804 ; that she was lost on her homeward passage on the 4th of January, 1805 ; that all the cargo on board perished, but that there was some salvage of the vessel, which Gage abandoned to the underwriters who had insured her for him.
The nature or terms of the charter party are not stated. It does not appear for what voyage, or whether for more than one voyage, it was made; or whether the owner was to receive the stipulated hire so long as the brigantine was in the employment of the hirers; or whether he was to receive nothing unless she returned safe.
Becket states that, on the loss of the brigantine, the hire of his eighth amounted to 183 dollars 85£ cents; which sum, after deducting his demand, remains unpaid. But, in his third examination, he declares that by his former disclosure he did not intend to render himself liable for the charter after the vessel’s discharge at Surinam, which is one month and ten days after the charter-party was made. As the trustees must be holden, unless sufficient matter appears in their answers to discharge them, (a) Becket is certainly, from his *453 own statement, accountable to Gage for the hire of the brigantine during this last period. This hire amounts to 57 dollars; and as it exceeds Bechet's demand, he must, on the most favorable view of his * case, be adjudged a trustee. The [ * 505 ] plaintiff has further endeavored to charge him with money due to Gage for seamen’s wages; but as it concerns Bechet, it is not now necessary to consider this point.
Mellen and Hophins for the plaintiff.
E. Whitman and Potter for the defendant.
As to Dearborn, if he is charged with the hire until the brigantine was lost, which is for a period of four months and two days, it will amount only to 347 dollars 70 cents; which sum, when deducted from the balance of his demands against Gage, will leave a balance due to himself. In any view of the matter Dearborn must be discharged, unless he is indebted to Gage for some part of the seamen’s wages. It appears that Gage had abandoned the vessel to the assurers, who received the salvage, and paid the seamen their wages. Whether they were paid out of the salvage, on which the mariners had a prior claim, or discounted out of Gage's policy, does not appear : we cannot therefore conclude that Gage has paid them. And admitting the trustees, together with Gage, to be joint owners, so far as they are liable to pay the wages of the seamen, and that the assurers have in fact a demand on Gage for the payment of them, yet, he not having paid them, nor satisfied the assurers, can maintain no action for contribution against the trustees. Dearborn, therefore, not being now responsible to Gage for any part of the seamen’s wages, no sum, on that account, is to be charged to him as the debtor of the. principal, and he must be discharged as trustee

 Taber vs. Armstrong, 4 Mass. Rep. 206. — Cleveland, vs. Clap, 5 Mass. Rep. 201. — Hatch vs. Smith, 5 Mass. Rep. 42—49.— Gordon vs. Webb, 13 Mass. Rep. 215.— Vide, contra, United States vs. Langton & Trustees, 5 Mason, 280.
"I cannot agree,” says Mr. Justice Story, “ to the suggestion at the bar, in the broad and unqualified manner in which it is made, that persons sued as trustees are in all cases to be charged by the Court, unless they clearly discharge themselves. Where they expressly swear that they have no goods, effects, or credits, in their hands or possession, of the debtor, that declaration must be taken for true unless the Court can clearly see, from the subsequent examination, that it is untrue. Where they neither expressly admit nor deny their liability, but put all the facts before the Court, and leave the latter to decide the matter of law arising thereon, there must be sufficient upon the face of the facts to justify the Court in pronouncing a judgment which shall charge them as trustees If those facts, fully and sincerely disclosed, leave the mat *453 ter in doubt, for myself, I cannot perceive how a judgment charging them can be pronounced, upon any acknowledged principles of law. I agree that doubtful expressions may be construed most strongly against the trustees, if they admit of two interpretations ; but they are not to be tortured into an adverse meaning or admission. The answers are not to be more rigidly or differently construed from what they would be in a bill in chancery. If the answers are not full, the plaintiff is at liberty to propound closer interrogatories; but he is not to charge parties, upon a mere slip or mistake, of certainty, or because they do not positively answer, what in conscience they do not positively know. The law would otherwise be a snare which might entrap them to their ruin, and involve them in a double responsibility and payment. And such, 1 conceive, is the real doctrine in the State Court, notwithstanding soi^p general expressions, which have been quoted, and are applicable to special cases.”