Cushing, 'J.
The inquiry in this case is, whether Hubbell Smith, on his own answers, and on the deposition of Edward F. Ensign, is to be charged as the trustee of Jonathan C. Stevens.
The investigation of this general question has brought into view several questions, secondary to the main one; all which, however, are concluded, as the court think, by considerations which lie upon the surface.
The decision of the main inquiry in the case, depends on the rule of construction to be applied to the answers of a supposed trustee. In regard to this point, misconception appears to exist, arising from the enlarged and somewhat strained comprehensiveness of import, which, in the process of time, has insensibly come to be ascribed to certain dicta of one of the most eminent- of the judges who have heretofore occupied and honored this bench. It may be well, therefore, to go back to the fountain-head of the prevailing error, and then, after having suggested the proper meaning of the series of cases on the subject, to state the true rule of construction, as understood by this court.
The germ of the current idea is to be found in the case of Webster v. Gage & Trustee, 2 Mass. 503, of which the marginal note is, “ trustee of an absconding debtor will be holden, unless sufficient matter appear in his answer to discharge him.”
It would have been just as true, and more in accordance *532 with general doctrine, and equally applicable to the case, to reverse the proposition and say: trustee of an absconding debtor will not be holden, unless sufficient matter appear in his answer to charge him.
For, although Parsons, C. J., in the course of the opinion of the court, uses the phrase “ As the trustees must be holden, unless sufficient matter appears in their answers to discharge them,” yet he is then speaking of the particular case (“ the trustees ”) in which one of the trustees had, by a former disclosure, admitted the possession of assets, and made himself apparently chargeable. In another case, cited by the plaintiff’s counsel, the trustee had apparently charged himself by a first disclosure, and then refused to submit to further examination, and was defaulted. Patterson v. Buckminster & Trustee, 14 Mass. 144. So, in the case of Graves v. Walker & Trustee, 21 Pick. 162, the court remark, arguendo, that the trustee “ is to give such an answer as will enable the court to say judicially, that he should be discharged.” But this observation is to be applied to the particular case, and to a specific fact in the case, of the admitted possession of a sum of money, confessedly not accounted for in the answer.
In the case of Shaw v. Bunker & Trustee, 2 Met. 376, 380, the respondent declares only that he believes he is not indebted to the principal defendant, and is not chargeable as trustee; and the court of course, say this is not sufficient, and that the trustee must make a full disclosure, and answer all pertinent interrogatories, so that the court may determine the sufficiency or insufficiency of the grounds of belief, as in the case of any other testimony to facts.
A scrutiny of other cases cited by counsel, to the effect that the answers of a trustee, being his own language, in all doubtful cases will be construed most strongly against himself, leads to a similar conclusion, namely, that the court, in these cases, was commenting on the matter of answers in discharge, or evidence of a possession of credits ascertained or admitted by previous answers, and on account of which the burden of proof and of logical conclusion was in a manner shifted, and the question necessarily became how to discharge, not to *533 charge the trustee. Cleveland v. Clap, 5 Mass. 201; Ripley v. Severance & Trustee, 6 Pick. 474.
The court have, even already, in a reported case, been constrained to qualify the generality of language previously adopted on this subject, and to say that, although it may be that the language of the trustee is to be construed most strongly against himself, yet his language is not to be distorted, nor forced into any unnatural construction; nor can inferences be drawn from any real or supposed discrepancies in his answers, against the fair and natural import of the language taken all together. Kelly v. Bowman & Trustee, 12 Pick. 383, 387.
We think there is no occasion for doubt or obscurity, as to the true rule of construction in all these cases. It is to be deduced from the nature of the process, and from the relation of the parties, limited and prescribed by statute.
The provisions of statutes material to the question, are the following, namely:—
1. Every person having any goods, effects, or credits of the principal defendant, intrusted or deposited in his hands or possession, may be summoned as a trustee, and such goods, effects, and credits shall be thereby attached, and held to respond to the final judgment in the suit, in like manner as. goods or estate when attached by the ordinary process. Rev. Sts. c. 109, § 4.
2: If any supposed trustee shall appear, and declare in writing that he had not in his hands or possession, at the time when the writ was served on him, any goods, effects, or credits of the principal, and shall submit himself thereupon to examination upon his oath, and, upon such examination, his declaration shall appear to the court to be true, he shall be discharged. Rev. Sts. c. 109, § 11.
3. If any person so summoned, shall admit that he has in his hands any goods, effects, or credits of the principal, or shall wish to refer that question to the court upon the facts, he may, instead of the declaration before mentioned, make a declaration setting forth such facts as he shall deem material, and *534 submit himself thereupon to a further examination on oath. Rev. Sts. c. 109, § 13.
4. The answers and statements sworn to by any person as trustee, shall be considered as true, in deciding how far he is chargeable; but either party may allege and prove, by deposition, any other fact, not stated nor denied by the supposed trustee, which may be material in deciding that question. Rev. Sts. c. 109, §§ 15, 16,19.
5. If any person, summoned as a trustee, shall upon his examination on oath, knowingly and wilfully answer falsely, he shall, out of his own goods and estate, pay to the plaintiff in the foreign attachment the full amount due on the judgment recovered therein, with interest therefor, to be recovered in a special action on the case; and he shall, moreover, on conviction thereof upon indictment, be adjudged guilty of perjury. Rev. Sts. c. 109, § 78.
These are the leading provisions of the statute, which show, beyond the possibility of controversy, what is the legal relation of the parties in the process. It is undeniably this:—
A trustee defendant is brought before the court by legal process, on a writ, sued out by a plaintiff, who alleges that the trustee defendant has intrusted or deposited in his hands or possession, goods, effects or credits, belonging to a third person, the debtor of the plaintiff, which property of his debtor the creditor thus pursues by foreign attachment.
Whether the alleged trustee has in his hands and possession the goods, effects, or credits of the plaintiff’s debtor, thus intrusted or deposited, is a question of fact on the pleadings, to be tried and ascertained as other matters of facts are ascertained, by the exhibition of proofs, and these proofs are governed by the established principles of legal reasoning, which are, after all, but the principles of pure universal reason, elicited from the conflict of opposing minds, tested by judicial experience and impartiality, and adapted to the changeful interests of human life.
Now, according to these well-established principles of reasoning and of legal proof, the allegation in the plaintiff’s writ, that the party summoned is the trustee of the plaintiff’s *535 debtor, is an allegation merely. It is not of itself evidence, either conclusive or even primd facie.
The party summoned, it is true, may admit the allegation, either expressly or by making default; and then the proof consists of his admission. But if the alleged trustee deny the allegation, as he may, then the plaintiff is put on the proof of his allegation. Affirmmtis est probare.
What follows ? undoubtedly that the plaintiff is to proceed to prove his allegation, if he can, by evidence. With this distinction only between the case of a supposed trustee defendant and any other defendant, that, in derogation of the ordinary course of proceedings at law, the trial, by force of the statute, is to be had primarily, on the testimony of the alleged trustee. The alleged trustee deposes here, as a witness, on. the assumption that his relation to the creditor and the debtor is, legally speaking, an indifferent one; thus, it matters not to him to which of two parties he pays over a sum of money, or delivers up effects intrusted to his hands, but not belonging to him; and thus, therefore, he may properly testify, though it be, in other respects, his own case. He. is to be charged or discharged, to use the specific language of the subject-matter, upon his own answers, with such aid to the court, in arriving at the truth, as may be presented in the shape of collateral depositions. He is a witness, subject to indictment for perjury,. like any other witness, if he swears falsely.
Presenting himself in the double capacity, then, of a witness and of a party, a supposed trustee is to be charged or discharged, that is, the allegation of the plaintiff is proved or not, according to the whole evidence and the law thereon, as in other cases..
So far as regards the question of presumption, either of law or fact, the alleged trustee is not to be assumed to be trustee, either by reason of its being alleged by the plaintiff, or by force of the statute, or of any legal inferences derivable therefrom. On the contrary, it is for the plaintiff to prove his allegation, not for the defendant trustee, to disprove it. Neither the nature of the process, nor the relation of the parties, raises such a general intendment of the alleged trustee having effects *536 in his hands or possession, belonging to the alleged cestut que trust, as to throw the general burden of proof on the alleged trustee, so that the thing to be proved shall be the negative fact of whether the party is not trustee, instead of the affirmative one of whether he is trustee. On the contrary, the primary general question on such a state of the record is, shall the trustee be charged ? If it cannot affirmatively be proved, by the answers of the alleged trustee, or by the collateral proofs, that he is chargeable, then he is to be discharged.
The court will not, in disregard of the true legal relation of the parties, assume that a supposed trustee is a prejudiced witness, and act on the rule of treating his testimony accordingly. On the contrary, the law assumes him to be, if he have assets in his hands, a mere stake-holder between the creditor and his debtor; and the law is very far from assuming against him, that he has in fact such credits of the debtor intrusted to him, and then charging him inferentially, in the absence of conclusive negative proofs. He is to be charged or not, according as, on a just view of all the facts, the weight of evidence and of conviction shall fairly preponderate.
The consideration that he. is, in one point of view, a witness in his own case, does not change the established rules of reasoning, and of mental conclusion as applied to proofs. He testifies under the ordinary obligations of an oath, in course of law, and his testimony is to be weighed, and its effects determined, by the general principles on which conclusions are to be drawn from any other lawful evidence.
If the alleged trustee swear falsely, and the plaintiff be thus aggrieved, the latter has ample remedy, not only by means of a criminal prosecution, but also by his right of action on the case against the trustee, and of recovering from him the full amount of the debt out of his own goods and effects.
The court have applied the above-stated doctrines of construction to the present case, and the result is, that they do not perceive matter enough to charge the alleged trustee, either in his own answers, or in other evidence introduced, and therefore he must be discharged.

Trustee discharged.